IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORY McDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-15-301-C |
| ) | |
| WEATHERFORD ARTIFICIAL LIFT ) | |
| SYSTEMS, LLC, a Delaware limited ) | |
| liability company; A-N-L SERVICES, ) | |
| INC., a Texas Corporation, and ) | |
| ADOLFO IRACHETA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants filed Motions to Dismiss Plaintiff's claims (Dkt. Nos. 14 & 17); Plaintiff responded (Dkt. Nos. 24 & 25), and Defendants replied (Dkt. Nos. 30 & 31). The Motions are at issue.

## I. BACKGROUND

Plaintiff alleges that Defendant Weatherford Artificial Lift Systems ("WALS") caused a foreseeable injury to Plaintiff. At the time of Plaintiff's injury, Plaintiff was employed by WALS. While on the job, Plaintiff was struck by a truck operated by Defendant Adolfo Iracheta and suffered severe injuries. Defendant Iracheta was employed by A-N-L Services which was, at all relevant times, a subcontractor of Defendant WALS. The truck was leased by and operated under the consent of Defendant WALS. Plaintiff claims that the injury was foreseeable, because Defendant WALS worked its employees, including Defendant Irachata, excess hours and with little sleep between shifts.

Defendants assert that, pursuant to 85A Okla. Stat. § 5, Plaintiff's exclusive remedy lies with the Oklahoma Worker's Compensation Commission, thus divesting this Court of subject matter jurisdiction. Also according to Defendants, Plaintiff has already filed a claim with the Commission, received payments, and accepted said payments. Therefore, Plaintiff's claim is barred by the election of remedies provision in 85A Okla. Stat. § 5(A). Plaintiff disagrees.

## II. ANALYSIS

A.      WALS

In 2013, the Oklahoma Legislature passed the Administrative Workers' Compensation Act ("AWCA" or the "Act"). AWCA became effective on February 1, 2014. Defendants allege that Plaintiff's exclusive remedy against Defendants is his AWCA claim and therefore he is barred from also filing suit against Defendants. The exclusivity portion of the Act reads, in part:

> The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act ***shall be exclusive of all other rights and remedies of the employee***, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death.

85A Okla Stat. § 5(A) (emphasis added).

The Act allows for two exceptions to the exclusive remedy provision of § 5: when (1) an employer fails to pay compensation that is rightfully due to the employee pursuant to this Act; or (2) the employer committed an intentional tort. 85A Okla. Stat. § 5(B)(1),(2).

2

An intentional tort exists when the employee is injured due to "willful, deliberate, specific intent of the employer to cause such injury." 85A Okla. Stat. § 5(B)(2). Plaintiff has not pleaded in his Amended Complaint any facts that any Defendant committed an intentional tort or even remotely acted with the intention of injuring the Plaintiff. He also has not pleaded that Defendant WALS failed to pay his compensation as required by the Act. Therefore, neither of the exceptions to the exclusive remedy apply.

Plaintiff argues that his injury is not a "compensable injury" subject to the exclusivity provisions of the Act because his injury was foreseeable. Compensable injury is defined by the Act as:

> "Compensable injury" means damage or harm to the physical structure of the body, or prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, caused solely as the result of either an accident, cumulative trauma or occupational disease arising out of the course and scope of employment. An "accident" means an event involving factors external to the employee that:
>
> (1) was unintended, unanticipated, *unforeseen*, unplanned and unexpected,
>
> (2) occurred at a specifically identifiable time and place,
>
> (3) occurred by chance or from unknown causes, and
>
> (4) was independent of sickness, mental incapacity, bodily infirmity or any other cause.

85A Okla. Stat. § 2(9)(a) (emphasis added).

Plaintiff alleges that the injury was foreseeable, since Defendant WALS worked its employees, including Defendant Irachata, excess hours and with little sleep between shifts.

3

Plaintiff alleges that because his injury does not fall under the compensable injury definition (i.e., an injury must be unforeseen to be a compensable injury under the AWCA) then the exclusivity provision does not apply in this case. It is unclear whether Plaintiff is also alleging that the AWCA does not apply in general, giving Plaintiff the right to sue Defendants under a common law negligence claim. Either way, this theory fails for two reasons.

First, Plaintiff misapplies the word "unforeseen." As Defendant WALS correctly notes, the use of the word "unforeseen" is not the antonym for foreseeable (as in the traditional negligence context). Unforeseen, in combination with the other words used in the Act – unintended, unanticipated, unplanned, and unexpected – is just a commonsense way of saying that the party did not see the event coming. Surely the Legislature did not intend for the word "unforeseen" to trigger a negligence analysis when determining a compensable injury under the AWCA. Workers' compensation statutes were created as an exclusive remedy against employers for accidental injuries sustained while on the job. Thompson v. Madison Mach. Co., 1984 OK CIV APP 24, 684 P.2d 565, 568; Penley v. Gulf Ins. Co., 1966 OK 84, 414 P.2d 305, 308 (creating a tenable argument that *unforeseen* and *accidental* are one and the same). In short, accidental injuries are injuries that are unforseen. Further, Defendant argues a solid policy argument: If this Court were to adopt Plaintiff's interpretation of the AWCA, many people would not be able to recover under the Act because some injuries are not unforeseen given the nature of one's work. Second, Defendant argues, and Plaintiff does not refute, that Plaintiff has already submitted himself to the

4

application of the Workers' Compensation Act and that the injury was a compensable injury, by receiving payments thereunder. For the foregoing reason, Plaintiff's claims against WALS are dismissed.

B.     A-N-L and Iracheta

As to A-N-L Services and Mr. Iracheta, these Defendants argue that Mr. Iracheta and A-N-L Services are immune from suit because Plaintiff's exclusive remedy against both was his claim under the Act. Defendants argue that Mr. Iracheta, an alleged co-employee of Plaintiff, is immune because co-employees cannot be liable in tort when their injured co-employee has received worker's compensation benefits. Defendants further argue if Mr. Iracheta is immune, then no vicarious liability claim can be made against A-N-L.

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in resolving Defendants' Motions is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss. At this stage in the litigation, and looking solely at the pleadings, Plaintiff has at least nudged his claims across the line from conceivable to plausible that there is a negligence claim against

5

Mr. Iracheta and a vicarious liability claim against A-N-L. At a later stage in the litigation this may be tested again; however, at this stage, the Plaintiff has fulfilled his burden. The Motion to Dismiss of Mr. Iracheta and A-N-L is denied.

Lastly, Plaintiff asserts in his response brief that AWCA violates the Due Process Clause of the United States Constitution and the Oklahoma Constitution. However, Plaintiff has failed to allege in his Complaint any constitutional challenge. Since Plaintiff has not pleaded these facts, the Court will not consider them. Further, even had Plaintiff pleaded a constitutional challenge of the AWCA, Plaintiff has failed to give requisite notice to the Attorney General pursuant to Federal Rule of Civil Procedure 5.1.

### III. CONCLUSION

Accordingly, Defendant Weatherford Artificial Lift Systems, LLC's Motion to Dismiss (Dkt. No. 14) is GRANTED, and Defendants Adolfo Iracheta and A-N-L Services, Inc.'s Motion to Dismiss (Dkt. No. 17) is DENIED.

IT IS SO ORDERED this 10th day of December, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge